IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDRA KIRA,                )
                            )
            Plaintiff,      )
                            )
    v.                      ) Civil Action No. 04-1521
                            )
JO ANNE B. BARNHART,         )
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )
            Defendant.      )


O P I N I O N

DIAMOND, D.J.

Pursuant to 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). 42 U.S.C. §§1381-1383f. Presently before the court are cross-motions for summary judgment. For the reasons set forth below, plaintiff's motion will be granted in part and denied in part, the Commissioner's motion will be denied and this case will be remanded to the ALJ for further proceedings consistent with this opinion.

Procedural History

Plaintiff filed her application for SSI on July 21, 1998, alleging disability due to back and leg pain and depression. Plaintiff's application was denied. Plaintiff timely filed a

request for a hearing. An Administrative Law Judge ("ALJ") held a hearing on October 25, 1999, at which plaintiff appeared represented by counsel. On December 23, 1999, the ALJ issued a decision finding that plaintiff is not disabled under the Act. Plaintiff requested review by the Appeals Council on January 13, 2000. On January 31, 2000, while the request for review was pending before the Appeals Council, plaintiff filed another application for SSI. On July 18, 2000, the state agency determined that plaintiff was disabled as of January 1, 2000 and awarded her benefits. Subsequently, on May 29, 2001, the Appeals Council granted plaintiff's request for review on her earlier application and also re-opened plaintiff's favorable decision. On December 7, 2001, the Appeals Council remanded both applications to the ALJ for further consideration to resolve discrepancies in the record. On November 15, 2002, the ALJ held a supplemental hearing and later issued an adverse decision on April 4, 2003. On September 10, 2004, the Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

## Standard of Review

As the factfinder, an ALJ has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court

AO 72A
(Rev.8/82)

is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Despite the deference to administrative decisions required by this standard, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). These well-established principles require the court to remand this case to the ALJ for further development at step 5 of the sequential evaluation process as explained herein.

## Statement of Material Facts

Plaintiff was 45 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a deli worker and a housekeeper, but she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative lumber disc disease, status post partial hemilaminotomy and microdiscectomy with residual chronic

low back pain, a history of carpal tunnel syndrome, a history of right ankle fracture, sensory neuropathy, a history of alcohol dependence currently in remission and depressive disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform the exertional demands of a significant range of light work. Plaintiff is precluded from work that involves repeated exposure to, or use of, vibrating tools. In addition, plaintiff is limited to simple, repetitive activities that do not involve high levels of stress or a rapid production pace (collectively, the "RFC Finding"). Based on the vocational expert's testimony, the ALJ concluded that plaintiff could not perform her past work. However, the ALJ found at step 5 of the sequential evaluation process that plaintiff's age, educational background, work experience and residual functional capacity permit her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a general office clerk, receptionist or information clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

## Analysis

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental

- 4 -

impairment which can be expected to last for a continuous period of at least twelve months.  42 U.S.C. §1382c(a)(3)(A).  The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...."  42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability.  20 C.F.R. §§416.901-.998.  The process is sequential and follows a "set order" of inquiries.  20 C.F.R. §416.920(a)(4).  The ALJ must determine in sequence:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity.  Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).  If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.  20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process.  At step 5, the ALJ must determine whether there are other jobs that exist in significant

numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's findings on the following grounds: (1) the ALJ's decision is not supported by substantial evidence because he did not consider certain medical evidence; (2) the ALJ improperly disregarded plaintiff's subjective complaints regarding her limitations; and (3) the ALJ's hypothetical question to the vocational expert did not include all of plaintiff's limitations. Plaintiff's claims will be addressed in turn.

Plaintiff first contends that the ALJ's RFC Finding is not supported by substantial evidence because he did not consider certain medical evidence. According to plaintiff, the ALJ did not consider plaintiff's medical history of a herniated disc which required surgery in 1998, as well as an August 2002 physical examination and evidence of plaintiff's depression. Contrary to plaintiff's position, the ALJ thoroughly considered and analyzed the medical evidence, including those items which she claims he

ignored, as reflected by his decision which discusses in detail plaintiff's medical records. (R. 19-23). Thus, plaintiff's argument that the ALJ's decision is not supported by substantial evidence because he failed to consider certain medical evidence lacks merit.

Plaintiff's next argument is that the ALJ failed to consider her subjective complaints regarding her limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Further, in evaluating plaintiff's complaints, the ALJ must consider test results and findings, plaintiff's own statements about her symptoms and statements by her physician and others about her symptoms and how they affect her. See 20 C.F.R. §416.929(c)(1); Social Security Ruling 96-7p. In addition, the ALJ must consider plaintiff's daily activities, the location, duration, frequency and intensity of her pain, precipitating and aggravating factors, plaintiff's medications and other treatment that she receives, as well as measures she uses to relieve pain such as lying down or periodically standing. 20 C.F.R. §416.929(c)(3). Finally, the ALJ must consider the extent to which plaintiff's alleged functional limitations reasonably can be accepted as consistent with the evidence of record and how those

limitations affect her ability to work. 20 C.F.R. §416.929(c)(4).

In this case, the ALJ's discussion of plaintiff's credibility notes her activities of daily living, the fact that she receives epidural injections, which reduce her pain but do not eliminate it, her use of a back brace and her use of a heating pad 5 or 6 times a day to relieve back pain. (R. 23-24). The ALJ found credible plaintiff's testimony that she experiences back pain because the medical records consistently refer to her complaints in that regard, and she receives treatment for her back pain. (R. 24). However, the ALJ did not find credible plaintiff's testimony to the extent that she claims her back pain is totally disabling because he found that plaintiff could engage in essential activities of daily living, she is able to pursue her hobby of crocheting, and the medical reports indicate that her pain is mostly mechanical. (R. 24).

The ALJ's discussion did not indicate whether he found credible plaintiff's testimony that she uses a heating pad 5 or 6 times a day as a measure to relieve pain. (R. 24, 107). He simply noted that plaintiff uses a heating pad throughout the day, but did not indicate whether he accepted her testimony on that matter. (R. 24). This is significant because, as discussed below, if the ALJ found credible plaintiff's testimony that she needs to use a heating pad 5 or 6 times a day to relieve back pain, then that limitation should have been included in the ALJ's hypothetical question to the vocational expert. Therefore, on remand, the ALJ must clarify whether or not he finds credible

- 8 -

AO 72A
(Rev.8/82)

plaintiff's testimony concerning her need to use a heating pad 5 or 6 times a day.

Plaintiff's final argument is that the ALJ erred in posing a hypothetical question to the vocational expert that did not include all of her limitations. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987). Plaintiff correctly notes that the ALJ did not include her claimed need to use a heating pad 5 or 6 times throughout the day to relieve pain in the hypothetical to the vocational expert.[1] On remand, if the ALJ finds credible plaintiff's need to use a heating pad as discussed above, the ALJ should account for that restriction in a hypothetical to the vocational expert.

## Conclusion

For the foregoing reasons, this case will be remanded to the Commissioner for further proceedings at step 5 of the sequential

---

[1] Plaintiff also argues that the ALJ's hypothetical question did not account for her chronic pain, fatigue or depression or her claimed inability to complete tasks in a timely manner. The court finds that this aspect of plaintiff's argument lacks merit. The ALJ's RFC Finding, which was included in his hypothetical to the vocational expert, limited plaintiff to work that does not involve a rapid production pace, which accommodates her difficulties with pace. In addition, the RFC Finding limited plaintiff to simple work activities that do not involve high stress levels, which accounts for her claimed fatigue and depression. Finally, the RFC Finding precludes work that involves repeated exposure to, of use of, vibrating tools, which accommodates plaintiff's pain.

- 9 -

evaluation process consistent with this opinion.

An appropriate order will follow.

*Gustave Diamond* (signature)
Gustave Diamond
United States District Judge

Date: January 30, 2006

cc: William J. Remaley, Esq.
 Berger & Green
 5850 Ellsworth Avenue, Suite 200
 Pittsburgh, PA 15232

 Paul D. Kovac
 Assistant U.S. Attorney
 Suite 400, U.S.P.O. & Courthouse
 Pittsburgh, PA 15219

- 10 -

AO 72A
(Rev.8/82)